# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11781-RGS

RONALD M. HOENIG

v.

WARDEN SPAULDING

## MEMORANDUM AND ORDER

September 4, 2018

STEARNS, D.J.

On August 21, 2018, Ronald M. Hoenig, who is incarcerated at FMC Devens, filed a document captioned as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. For the reasons set forth below, the court denies the Petition without prejudice.

## BACKGROUND

Hoenig challenges the 240-month sentence he received in 2002 after having been convicted in the Federal District Court for the Northern District of Texas for being a felon in possession of a firearm. *See United States v. Hoenig*, Crim. No. 02-0035-Y (N.D. Tex.). He argues that his sentence should not have been enhanced under the Armed Criminal Career Act, 18 U.S.C. § 924(e) ("ACCA"). More specifically, he represents that his Texas

convictions for burglary should not have been treated as predicate offenses for purposes of the ACCA. Hoenig represents that he pursued a direct appeal and filed a motion under 28 U.S.C. § 2255, although it is not clear from the Petition whether he challenged the application of the ACCA during these procedures.[1]

In 2016, the trial court appointed the Federal Public Defender to pursue any available post-conviction relief for Hoenig in light of the Supreme Court's rulings in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down the residual clause of the ACCA, as unconstitutionally vague. *See United States v. Hoenig*, Crim. No. 02-0035-Y (N.D. Tex. May 27, 2016) (docket entry #209). On June 24, 2016, the United States Court of Appeals for the Fifth Circuit granted Hoenig's motion to file a second or successive § 2255 motion. *See id.* (docket entry #211). The Fifth Circuit stated that its "grant of authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Hoenig has failed to make a showing required by § 2255(h)(2)." *Id.* at 2.

---

[1] Hoenig also filed a motion to expedite this action (docket entry #2). He represents therein that his anticipated release date for the 240-month sentence is September 23, 2019. Hoenig asserts that, in light of the projected release date, the court cannot provide him any meaningful relief unless it "fast-track[s]" this matter.

Hoenig's second § 2255 motion is still pending. *See Hoenig v. United States*, C.A. No. 16-00548-Y (N.D. Tex.). On August 20, 2018, the government moved again to dismiss the second § 2255 motion, arguing that the court lacks jurisdiction over the petition because it does not meet the requirements for a second or successive § 2255 motion. *See id.* (docket entry #26). According to the government, Hoenig failed to establish that his sentence was based on the ACCA residual clause—*i.e.*, the portion of the statute invalidated by *Johnson*.

## DISCUSSION

A federal prisoner cannot challenge the legality of his sentence through petition for a writ of habeas corpus under 28 U.S.C. § 2241 unless it appears that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A federal prisoner seeking to file a second or successive § 2255 motion must first obtain authorization from the court of appeals to do so. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Such authorization is available only when the second or successive motion is based either on (1) newly discovered evidence that would establish

innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255(h). Hoenig invoked the latter provision in seeking leave to file a second § 2255 motion.

Here, Hoenig has not demonstrated that a motion under § 2255 is inadequate or ineffective to challenge the legality of his sentence. His second § 2255 motion is still pending in the Northern District of Texas. Unless and until the motion is denied, Hoenig cannot make a threshold argument that a motion under § 2255 is inadequate or ineffective. Further, a prisoner's inability to meet the requirements for filing a second or successive § 2255 motion does not automatically render a motion under § 2255 "inadequate or ineffective." *See Trenkler v. United States*, 536 F.3d 85, 98-99 (1st Cir. 2008).

## ORDER

Accordingly, the Petition is DENIED WITHOUT PREJUDICE.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

4